# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CRAIG M. JETSECK,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 07 C 3753<br>) |
| **PRUDENTIAL INSURANCE COMPANY OF AMERICA,** | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Craig M. Jetseck filed a complaint against defendant Prudential Insurance Company of America ("Prudential") seeking disability income benefits and continuation of other employee benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Defendant has moved to strike plaintiff's jury demand pursuant to FED. R. CIV. P. 39(a)(2). For the following reasons, the motion is granted.

## I.

Plaintiff's complaint alleges he is seeking disability income benefits and continuation of other employee benefits due under a disability income benefit plan ("the plan") underwritten and insured by defendant. Plaintiff alleges he has been disabled since 2000 and that he is entitled to long term disability benefits equal

to 60% of his basic monthly earnings under the plan. Prudential denied Jetseck's disability claim and plaintiff alleges he has exhausted all his administrative remedies.

The "[r]elief [s]ought," as stated in the complaint, is

> Jetseck is entitled to restoration of his long-term disability benefits . . . along with Prudential being ordered to notify Jetseck's employer of the reinstatement so that his benefits can be reinstated. In addition, Jetseck seeks interest on all overdue payments . . . attorneys' fees and costs . . . as well as a declaratory judgment that Jetseck is entitled to ongoing disability payments so long as he continues to meet the terms and conditions of the [p]lan.

(Compl. at ¶ 23.)

## II.

The Seventh Circuit has held that plaintiffs do not have a right to a jury trial where plaintiffs seek equitable relief under ERISA. *See, e.g., Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820, 829-30 (7th Cir. 1980) (abrogated on other grounds); *see also Sofo v. Pan-American Life Ins. Co.*, 13 F.3d 239, 241-42 (7th Cir. 1994). Plaintiff argues, however, that the United States Supreme Court decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002), calls into question the validity of the law of this circuit as set forth in *Wardle* and that plaintiff is entitled to a jury trial under the Seventh Amendment.

The Seventh Amendment provides that "[i]n Suits at Common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. Amend. VII. In determining whether a particular action will involve a determination of legal rights, a court must "examine both the nature of the issues involved and the remedy sought." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). Of these factors, the latter is weighed more heavily. *Id.* (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)).

Plaintiff does not dispute the first prong of the Seventh Amendment inquiry weighs against a jury trial in the ERISA context. *See Mertens v. Hewett Associates*, 508 U.S. 248, 256 (1993) ("It is true that, at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust."); *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989) ("ERISA abounds with the language and terminology of trust law") (citations omitted)*; McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 576 (7th Cir. 2007) ("'ERISA's antecedents are equitable,' not legal") (quoting *Mathews v. Sears Pension Plan*, 144 F.3d 461 468 (7th Cir. 1998)); *Morgan v. Ameritech*, 26 F. Supp. 2d 1087, 1091 (C.D. Ill. 1998). Plaintiff argues *Great-West* compels a finding in favor of a jury trial in light of the legal

3

nature of remedy sought in this case. (Pl. Resp. Br. at 2.) I disagree, first, because *Great-West* is distinguishable and, second, because plaintiff, in fact, seeks equitable relief even under the principles identified in *Great-West*.

*Great-West* involved a provision in an ERISA plan that required beneficiaries to reimburse the plan if they recovered any money from a third party. 534 U.S. at 207. Knudson, the defendant, was injured in a car accident, and her medical expenses were covered by Great-West on behalf of her husband's health and welfare plan. Knudson sued the car company in tort and recovered an additional sum of money in a settlement agreement. Great-West then filed a claim against Knudson under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) for refusing to pay the plan a certain portion of her settlement. In determining Great-West could not proceed under ERISA, the Supreme Court distinguished restitution actions which are "legal" from those which are "equitable" and cognizable under § 1132(a)(3). *Id*. at 213-14. The Court distinguished "legal" restitution actions as those in which the plaintiff seeks to impose "merely personal liability upon the defendant to pay a sum of money," such as in a breach of contract case. *Id*. at 213. In turn, actions are "equitable" when they seek "to restore to the plaintiff particular funds or property in the defendant's possession." *Id*. at 214.

Unlike *Great-West*, Jetseck's case does not concern a contract to pay money separate from plan benefits. Jetseck seeks restoration of funds in defendant's possession along with declaratory and injunctive relief, not recovery of money damages as compensation for losses caused to the plan by defendants as was the case in *Great-West*. This is clear from the complaint. Moreover, none of the additional cases cited by plaintiff examine the impact of *Great-West* on suits under § 1132(a)(1)(B) or with similar facts in terms of the relief sought by plaintiff, but rather under § 1132(a)(2) in the context of breach of fiduciary duty claims.[1] Accordingly, I find their holdings are inapposite. Because the remedy sought by plaintiff is equitable in nature, consistent with the reasoning in *Great-West* and *Wardle*, I need not reach the greater issue of what impact, if any, *Great-West's* reasoning has on *Wardle*. I find both the nature of the issues involved and the equitable remedy sought weigh against a finding that plaintiff is entitled to a jury trial and grant defendant's motion to strike plaintiff's jury demand.

---

[1] The only case that does not strictly examine this issue in the context of a breach of fiduciary duty claim is *Lamberty v. Premier Millwork and Lumber Co. Inc.*, 329 F. Supp. 2d 737, 745 (E.D. Va. 2004). *Lamberty* is easily distinguishable as the plaintiff in that case sought solely compensatory damages. Moreover, *Lamberty* did not address Seventh Circuit law or *Great-West*.

III.

For the foregoing reasons, the motion to strike plaintiff's jury demand is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 15, 2007